UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE BESS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12CV1810 CDP |
| NATIONWIDE AGRIBUSINESS INS. CO., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF REMAND**

This newly-removed case is before me on my own review.  Defendant removed this action on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1).  According to the state court petition, plaintiff was injured in a car accident with William Simpson.  She settled her claim against Simpson for $25,000 but alleges additional damages, so she brings this action against her insurance carrier under her underinsured motorist policy.  Plaintiff merely pleads that she has sustained damages in excess of the settlement amount with Simpson and prays for damages in excess of Missouri's jurisdictional minimum of $25,000.  In support of removal, defendant claims plaintiff's claims will likely exceed the jurisdictional minimum of $75,000 because plaintiff alleges permanent and progressive injuries and her underinsured motorist policy has a coverage limit of

$500,000 per accident. However, plaintiff only alleges medical bills in the amount of $15,000.00 and lost wages in the amount of $2,500.00 as a result of the accident, and she does not ask for the policy limit in her petition. Defendant does not attach any settlement demands or discovery responses demonstrating that the amount in controversy will likely exceed the jurisdictional minimum.

Based upon the state court petition, it appeared that defendant had not met its burden of demonstrating that the jurisdictional minimum was satisfied in this case. Therefore, I issued an Order for defendant to show cause why this case should not be remanded for lack of subject-matter jurisdiction. In response, defendant merely argues that plaintiff could obtain damages in excess of $75,000 and points to her policy limit of $500,000. However, as I have already explained, this fact is insufficient to meet defendant's burden of demonstrating that the amount in controversy is satisfied because plaintiff does not ask for her policy limits, and there is nothing in her state-court petition that would permit a factfinder to legitimately conclude that plaintiff's damages exceed $75,000. Therefore, I must remand this matter to state court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is remanded to the Circuit Court

of the City of St. Louis, Missouri for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

                                                                                         _____
                                                                                         CATHERINE D. PERRY
                                                                                         UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2012.